BARRY and another, Executors, Respondents, vs. AMEND, Administrator, imp., Appellant.

*May 4—June 4, 1929.*

For the appellant Amend there was a brief by *Roy E. Reed* of Ripon, attorney, and *Duffy & Duffy* of Fond du Lac, of counsel, and oral argument by *F. Ryan Duffy*.

*Vincent F. McNamara* of Montello, for the respondents.

ROSENBERRY, C. J. The only question raised here is whether or not the evidence sustains the findings of the trial court. The principal assignment of error is that the court gave undue weight to the presumption which arose from the fact that the note in question was in the possession of John Barry at the time of his death and was in the possession of his executors at the time of the commencement of the action. This assignment is not well founded. After referring to the presumption the court says:

"The question is, have the defendants produced evidence sufficient to overcome it. . . . To my mind it tends on the whole more strongly to support the presumption than to overcome it. John furnished the $800 that was the consideration for the original note. This loan was solicited by Marion, granddaughter of John, who was living with

him, from John for Amend, with whom she was at the time engaged to marry, at Amend's request. The note was always kept in John's safety-deposit box at the bank, of which he had the key. Marion lived with John at Montello until her marriage and thereafter with her husband at Ripon. If the note was hers, why did she leave it with John after she removed to Ripon? It is true that Marion before her marriage had or could get access to the box at any time she wanted. It is quite likely that she could get access to it after her marriage also, and if so and the note was hers, why did she leave it with John? The note was drawn by John, who was a lawyer and a banker, payable 'to bearer' doubtless for a purpose. This provision and John's possession put and kept him in a position to enforce the note or not as he might wish, and the fact that he retained this position until his death indicates that he did not during his life conclude not to enforce it, else he would have delivered it to Marion or her husband. . . .

"To base a judgment upon the few circumstances tending in some degree to overcome the presumption, especially in view of such circumstances in evidence as tend to strengthen it, would leave the judgment resting wholly upon conjecture and suspicion and without any reasonable justification whatsoever."

It is apparent from this statement the trial court fully understood and appreciated and gave proper weight to the fact that the presumption was a rebuttable one. The question which it considered was whether or not the evidence was sufficient to rebut the presumption. It found after full consideration that the evidence supported rather than rebutted the presumption. The court certainly applied the correct rule of law to the facts in this case and his findings and conclusions cannot be disturbed.

*By the Court.*—Judgment affirmed.

FOWLER, J., took no part.